# Wery, Appellant, v. Buffalo, Rochester & Pittsburgh Ry.

*Negligence—Railroads—Walking on tracks—Contributory negligence.*

In an action against a railroad company to recover damages for death of plaintiff's husband, killed while walking, on a clear day, on defendant's tracks, binding instructions for defendant are proper, where the evidence shows that the deceased walked onto the southbound track, on which a train was approaching, then, without stopping, looking or listening, proceeded onto the northbound track and, while the train on the other track was passing him, leisurely walked north thereon, with head bowed down, hands in pocket, then stepped on the outside edge of the ties, continued north, walking in the same manner, and was struck from behind by a train going north, which he could have seen, if he had looked.

Argued September 29, 1920. Appeal, No. 65, Oct. T., 1920, by plaintiff, from judgment of C. P. Jefferson Co., Nov. T., 1917, No. 9, on verdict for defendant, in case of Juliette Wery v. Buffalo, Rochester & Pittsburgh Railway Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before CORBET, P. J.

At the trial the court gave binding instructions for defendant. Verdict and judgment for defendant. Plaintiff appealed.

On rule for new trial CORBET, P. J., filed an opinion as follows:

It was the duty of Jules Wery, the deceased, to exercise care according to the circumstances whether he was or was not a trespasser, and whether he was on or off the alleged path, of which plaintiff offered testimony. He went upon the railroad of the defendant company from the west side, walked northward on the west or southbound track, which was devoted to southbound trains, from which he passed over to the middle of the east or northbound track, which was devoted to carrying all northbound traffic or trains both freight and passenger, on which he continued walking slowly north for a short while, with his hands in his pockets and his head bowed down, and then stepped onto the ends of the ties on the out—or east—side of the northbound track, and continued to walk north on the tie ends, for a little while or a few steps, with head down, hands in his pockets, and his back to the engine of the approaching passenger train, when he was struck in the back and killed. He did not stop, look or listen at any time after he was first seen on the tracks, only that just about a second before being struck he turned his head sidewise. While he was walking on the northbound track a heavy, noisy freight train going south on the southbound track, which he had crossed over, was passing him. The train which struck him was a passenger train on a regular run from Clearfield to Falls Creek, was due at DuBois at 12:46 p. m., and struck the deceased at about 12:45 p. m. While the testimony of the parties differed as to the number, place and character of the signals given from this train, that of the plaintiff showed that its whistle was blown as it came around a curve a distance of 2,876 feet back from where the deceased was struck, and that it was heard to be blowing loudly as the train closely approached the de-

ceased.   The day was clear, the track straight from the curve to where the deceased was, the view unobstructed, and the train visible, the entire distance after rounding the curve.   Deceased had but to look back to see it, and a step or two to his right, away from the track, would have put him out of danger.   Two young women facing and walking toward deceased and the approaching train, on the same track on which the train was moving, eye-witnesses of the fatal occurrence, waived their hands and shouted at the deceased as they walked toward him, and continued their waving and yelling, after they had stepped off to the side of the track, until deceased was struck, but he did nothing to indicate that he heard them or the coming engine, or was paying attention to signals from any source.   Nor did he manifest any care for himself whatever, but apparently seemed utterly indifferent to his surroundings, although he was a man of mature years, in good health, and possessed of normal faculties.

Neither by the testimony on the trial, nor by a consideration of it since, has the court been impressed that, under the circumstances, there was negligence on the part of the defendant; but that the deceased was very, if not grossly, negligent, is quite clear.   The noise of the passing freight train on the southbound track is no excuse for the deceased, but should have roused him to greater care and vigilance.   The place was neither on a public crossing nor public way of any kind; and as the deceased was the only person ahead of the train, both moving in the same direction, it is difficult to see any material bearing the question of whether the area adjacent to the yard was or was not populous, has on the happening of this accident.

We do not think there was adequate or sufficient evidence of wantonness or wilful misconduct on the part of the defendant to justify the submission of that issue to the jury, or to sustain a verdict upon it against the defendant.   The negligence of the deceased was the primary if not the sole cause of his death.   The evidence

to sustain an allegation of wantonly inflicting death should be clear, especially so where it is not at all apparent that the death would have happened had not the deceased been negligent.

We believe it the duty of the court to refuse the motion for a new trial in this case.

*Errors assigned* were various rulings and instructions.

*Charles J. Margiotti,* with him *Mitchell & Morris* and *James A. Gleason,* for appellant.

*W. C. Pentz, C. Z. Gordon* and *Jno. G. Whitmore,* for appellee, were not heard.

PER CURIAM, December 31, 1920:

The facts which the jury must have found under the testimony in this case are concisely and clearly stated in the opinion of the learned court below denying the motion for a new trial, and, in view of them, a verdict was properly directed for the defendant. No one of the first six assignments, which allege errors in rulings on offers of evidence, calls for a retrial of the case, and they, with the seventh and eighth, complaining of the direction of a verdict for the defendant, are overruled.

Judgment affirmed.